ESTATE OF SVACINA: SVACINA, Appellant, vs. EAST WISCONSIN TRUSTEE COMPANY, Administrator, Respondent.

*December 4, 1941—January 13, 1942.*

For the appellant there was a brief by *Nash & Nash,* and oral argument by *Walter J. Clark,* all of Manitowoc.

For the respondent there was a brief by *Kelley, Wyseman, Muchin & Hansen* of Manitowoc, and oral argument by *Jacob Muchin* and *Ruth E. Hansen*.

MARTIN, J.   The court's findings are in substance as follows : That Frances L. Svacina, deceased, was of sound mind at the time of making her will on November 27, 1940, and was competent to make a will; that she nominated Ella Svacina as executrix of her will; that Ella Svacina was and is a registered voter of the state of Florida; that she now is a notary public of the state of Florida and has been such since February, 1934; that she did not show a present intention to permanently change her residence from Florida to Wisconsin accompanied by an act clearly indicating such intention; that immediately after her mother's death, and prior to the allowance of her will and the appointment of an executor or special administrator, without conferring with the other principal beneficiaries of equal nearness of kin to decedent, Ella Svacina took possession of decedent's personal property and refused to divulge the amount of the personal property until after the East Wisconsin Trustee Company was appointed special administrator; that thereafter, upon demand, she refused to deliver said personal property to the special administrator for a period of approximately twelve hours, although informed of the due appointment of said special administrator and its right to said personal property, consisting of more than $15,000 in cash; that Ella Svacina is indebted to the estate of Frances L. Svacina, deceased; that mutual distrust, dislike, and unfriendliness exists between Ella Svacina, the nominee, and the other principal beneficiaries, which condition existed for many years and was likely to interfere with the harmonious administration of the mother's estate; that although decedent's granddaughter, Charlotte Eatman, was by decedent during her last illness placed in charge of decedent's real and personal property, approximating $48,500 in

value, said Ella Svacina took possession thereof upon the death of Frances L. Svacina without authority and without conferring with the interested parties and contrary to their express wishes.

As conclusions of law the court found that Ella Svacina was a resident of the state of Florida and held the office of notary public under the laws of said state; that she refused to deliver to the special administrator the personal property of the deceased upon demand; that by reason of her being a debtor of the estate her personal interests are antagonistic to those of the estate; that an executor being an officer of the court and trustee of the funds of the deceased for the benefit of the heirs and legatees, there rests with the court the right to determine the legal fitness of such executor or officer; that there is vested in the county court a discretion to refuse to appoint a nonresident nominee by reason of the fact that sec. 324.35, Stats., grants to the court a discretion to remove a nonresident executor; that the court is empowered to disregard a nomination if the nominee is a nonresident or is not legally competent; that by virtue of the facts found the nominee named in the will is not legally competent to be appointed executrix; and that it was for the best interests of the estate and all persons concerned that the East Wisconsin Trustee Company be appointed as administrator with the will annexed.

Sec. 310.12, Stats., provides:

"*Letters testamentary.* When a will shall have been admitted to probate the court *shall* issue letters testamentary thereon to the person named executor therein, if he is legally competent, accepts the trust, and gives bond when and as required by law."

The above provisions have been in our statutes in identical language since 1858. See sec. 1, ch. 98, Stats. 1858.

What is meant by the phrase "legally competent" mentioned in sec. 310.12, Stats.? At an early date this court held that

mere nonresidence should not operate to disqualify an executor from assuming and discharging his trust. *Cutler v. Howard,* 9 Wis. *309, *314. That case arose on application of the guardian to the Dane county court for the removal of Howard from his office and trust of executor of the will and testament of Mary P. H. Cutler, deceased. The ground alleged for removal was that he was not a resident of the state of Wisconsin, that he was a resident of the city of Detroit, Michigan. The county court denied the petition for removal. On appeal to the circuit court that court reversed the order of the county court and ordered that the executor be removed. On appeal to this court the order and judgment of the circuit court were reversed. That case squarely holds that a nonresident may act as executor. So, the phrase "legally competent" must mean something aside from the residence of the person named as executor in the will. In *Cutler v. Howard, supra,* p. *315, the court said:

"By the common law it is no objection to an executor that he is an alien, or born out of the king's allegiance, or that he is an alien enemy even; 1 Williams on Executors, 187, and note b. His residence in a foreign country does not disqualify him. We regard this liberal and beneficial common-law doctrine, and the rights flowing from it, as too sacred to be swept away by *construction* unless it appears that the legislature clearly intended it. Instances will readily suggest themselves where it would be obviously oppressive and unjust to require a testator to intrust the care of his property and the interest of his family to the hands of a stranger, of whose character he is entirely ignorant."

No claim is made in the instant case that the appellant is not competent on the grounds of lack of business training, experience, and proper educational qualifications. She is forty-four years of age, single, a graduate of high school and business college. The undisputed testimony shows that she is a woman of considerable experience in the business world. The mother, two days before her death, selected Ella to serve as

executrix of her will. The mother regarded her as competent to execute the trust imposed. It has ever been the policy of the law of this state that every citizen making a will has the right to select according to his own judgment the person or persons whom he would have execute it.

In *Saxe v. Saxe*, 119 Wis. 557, 97 N. W. 187, objections were made to the county court of Milwaukee county to the appointment of Leo E. Saxe as one of the executors of his father's will. The objections were made by the widow and ten of the children of the deceased (being all except one and Leo E. Saxe). The objections were on the ground that the son Leo was incompetent and irresponsible; that he would be obnoxious, and would not act for the benefit and interest of the persons interested in the estate; and that he was not of such a character in whom confidence and trust could be imposed. The county court overruled the objections and appointed Leo as one of the executors, who thereupon accepted the trust, qualified as such executor, and filed the bond required; whereupon letters testamentary were issued to him. On appeal to the circuit court that court found in addition to the facts stated that at the time of the probate of the will and issuing of letters testamentary to Leo E. Saxe *he was legally competent* to act as such executor; also found that some years before Leo gambled at times, that the nature of such gambling was not disclosed by the evidence; that it was not proved that he was a habitual or professional gambler; that the evidence tended to throw suspicion on the good faith of some of his business transactions in previous years but was not sufficient to prove actual fraud and dishonesty on his part; that the evidence failed to sustain the objections filed to his appointment *except in the particular that he was obnoxious to the heirs who filed such objections*. The circuit court affirmed the order of the county court. On appeal to this court, page 560, the court said:

"The important question is as to the effect to be given to the language of the section [same language as in sec. 310.12] which declares that 'the county court *shall* issue letters testamentary . . . to the person named executor therein, *if he is legally competent.'* "

Further, the court said:

"There is no claim that he [Leo E. Saxe] was wanting in mental capacity to perform the duties of executor. The objection that he was irresponsible seems to be answered by his promptly giving the requisite bond. The other objections are to the effect that he abused his stepmother, was obnoxious to the objecting heirs, and that his character was not such as to inspire confidence and trust. The objections go to his temper, his disposition, his habits, and his moral character, rather than to his capacity to do business."

In that case the court quoted approvingly from 11 Am. & Eng. Encyc. (2d ed.) 744, 745:

"In many, if not all, of the states of the Union the authority of an executor, while derived primarily from the will, is not derived solely therefrom, and is not complete until the executor has qualified by complying with certain statutory requirements, and has received letters testamentary from a court of competent jurisdiction; *but the nomination contained in the will cannot be disregarded by the court unless the person named is for some reason disqualified to act as executor, and the authority of the court in the premises is limited to qualifying the executor and issuing letters testamentary, and does not extend to the appointment, as that authority pertains to the testator alone.*"

The court further quoted from Schouler, Ex. & Adm. (2d ed.) § 33, as follows:

"Executor derives his office from testamentary appointment, and, if he is a person not disqualified by law from being an executor, the court has no right to refuse to permit him to qualify, or to refuse to grant him letters testamentary."

It will be noted that the authorities quoted use the phrase "unless the person named is for some reason disqualified to act as executor." Sec. 310.12, Stats., provides that when a will shall have been admitted to probate the court *shall,* which means *must,* issue letters testamentary to the person named executor if such person is legally competent and is willing to accept the trust. Since this court affirmed the judgment of the circuit court in *Saxe v. Saxe, supra,* objections to the appointment of an executor of the nature therein mentioned do not render the nominee incompetent or disqualified to act as executor.

In *Will of Zartner,* 183 Wis. 506, 198 N. W. 363, the proceedings were for the removal of an executor on the grounds of misconduct on his part while acting as agent of the decedent, on account of which there arose serious conflicts of interest between the executor and the estate. In that case the trial court found that an action should be brought against the executor by an administrator with the will annexed to protect the rights of the estate, and that the executor was unsuitable to discharge the trust as such. It appears that the grounds for removal had also been made to the original appointment and the county court held the executor legally competent and appointed him; but on the petition for removal of the executor at a later date the court ordered his removal. On appeal this court affirmed the judgment of the county court. However, referring to the statute as to the appointment of the executor nominated in the will, now sec. 310.12, Stats., and the section relating to the removal of an executor, administrator, guardian, or trustee, now sec. 324.35, at page 511, the court said:

"This conflict of interests in some cases may not be serious. It may have been known to the testator at the time of the execution of the will and may not have been regarded by him as an obstacle to the choice made. When the letters testamentary are issued the court may be of the opinion that

the conflict is not so important as to affect the action of the executor or interfere with the proper administration of the estate.

"The attitude of the person named as executor may be such that there is reason to expect that an amicable adjustment may be made. Such circumstances as these may properly lead the court to appoint the person nominated in the will, although it is apparent that some conflict of interests exists or may arise."

The court further said (p. 512):

"The tendency of the courts to regard the nomination by the testator as so largely mandatory may be due in part to the fact that statutes give the power of removal. The duties of an executor are continuing duties, and their exercise is always subject to the supervision of the court.

"The qualifications of the person nominated must be determined as of the time when the appointment is made. The question whether he is unsuitable is to be determined when the question of removal arises and under a different statute from that under which the appointment is made."

At page 512, after referring to the common-law rule, the court said:

"Although this rule [common-law rule] has been quite generally modified by statutes in this country, *the testamentary nomination will not be disregarded by the courts unless the person named in the will is disqualified by the statute. Saxe v. Saxe,* 119 Wis. 557, 97 N. W. 187. The extent to which the courts seek to carry out the wish of testators in the appointment of executors is illustrated by cases cited and quoted in 23 Corp. Jur. 1024 *et seq. Except for very cogent reasons the courts follow the maxim 'Whom the testator will trust so will the law.'"*

It is argued in the instant case that appellant is indebted to the estate. There is no evidence as to the amount of such indebtedness. Whatever it may be it was known by the mother at the time she made her will and the will specifically provides that any indebtedness of any of the children, whether

evidenced by promissory notes or otherwise, shall be deducted from their distributive shares of the estate. It appears from the inventory that the mother left an estate of $48,500. Again the court might well follow the maxim "Whom the testator will trust so will the law."

"It may therefore be stated as a general rule that the person named as executor in a will is entitled to qualify, unless by reason of his mental condition or some legal disability he is prevented from acting as executor. The subject is now regulated by statute in most jurisdictions, which in some instances have modified this general rule. The principle still prevails that no discretion is vested in courts with respect to refusing to grant letters testamentary to the persons nominated in a will, unless such persons are expressly disqualified, or unless such discretion is vested by law. The statutes are, in the main, broadly inclusive as to the persons qualified to act as executors and have been liberally interpreted by the courts to carry out the expressed wishes of testators with regard to the persons who should administer their estates." 21 Am. Jur. p. 420, § 82. See 23 C. J. pp. 1019, 1023, 1024, 1025.

The trial court in its decision and findings seems to have put considerable emphasis on appellant's refusal to turn over to the special administrator, upon demand, certain personal property then in her possession, belonging to the estate. It does not appear that she knew of the appointment of a special administrator prior to the demand for possession of the personal property. For the time being she refused because she wanted to confer with the attorney who had handled legal matters for the mother in her lifetime, and whom she had retained to represent her as executrix of the mother's will in the probate proceedings. The demand was made late in the afternoon, and after conferring with the attorney the personal property was delivered to the special administrator the following morning.

After a careful consideration of all the facts found by the trial court and the evidence, it is considered that as a matter

of law the facts singly and collectively do not establish legal incompetency on the part of appellant to act as executrix of her mother's will. It is obvious that the trial court gave undue consideration to the provisions of sec. 324.35, Stats., which relates entirely to the removal of executors, administrators, guardians, etc. Of course, this statute is only applicable in a proceeding for the removal of the executor, administrator, or guardian after he has been appointed and qualifies. The competency of the person nominated as the executor of a will must be determined as of the time when the appointment is made. Removal proceedings under sec. 324.35 may be invoked during the progress of the administration of the estate. Sec. 324.35 provides:

"If an executor, administrator, guardian or trustee shall reside out of this state, or shall neglect to render his account within the time provided by law or the order of the court, or shall neglect to settle the estate according to law, or to perform any judgment or order of the court, or shall abscond, or become insane or otherwise incapable or unsuitable to discharge the trust, the county court may remove such executor, administrator, guardian or trustee and appoint a successor therefor. . . ."

Residence in Wisconsin is not required to make appellant legally competent to act as executrix under sec. 310.12, Stats. But under sec. 324.35, if appellant, subsequent to her appointment and qualifying as executrix, should during the course of the administration of the estate reside out of this state, her then nonresidence may be taken into consideration by the court if an application be made for her removal for the reasons stated in said section.

*By the Court.*—Judgment reversed. Cause remanded with directions to vacate and set aside the order and judgment denying the petition of appellant for her appointment as executrix of the will of Frances L. Svacina, deceased, and appointing the East Wisconsin Trustee Company as administrator

with the will annexed of the estate of said deceased. It is further directed that an order be entered appointing Ella Svacina, the appellant herein, as executrix of the last will and testament of said Frances L. Svacina, deceased, and for further proceedings according to law.