# IN THE MATTER OF THE ESTATE OF KATHARINE BRACE CUMMINGS, DECEASED

Probate No. 84/1985

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

November 26, 1985

PAUL HOFFMAN, ESQ., St. Thomas, V.I., *for the Estate of Cummings*

FREDERICK G. WATTS, ESQ., St. Thomas, V.I., *for Respondent Paul Gitlin*

CHRISTIAN, *Senior Sitting Judge*

## OPINION AND ORDER

Before the Court are three petitions, the first filed by Robert S. Cummings, surviving spouse of the deceased and one of the two executors and trustees of her estate named in her Last Will and Testament, dated November 9, 1967 (hereafter "Cummings"), praying the Court to admit the Will of the deceased to probate and record as written, but replacing Paul Gitlin (hereafter "Gitlin"), the other executor and trustee so named, by Mr. Hein Christensen (hereafter "Christensen"), notwithstanding the fact that the Testatrix so named Gitlin and also named the Morgan Guaranty Trust Company of New York as the substitute just in case either Cummings or Gitlin at any time and for any reason failed to qualify to discharge the functions of either office; a second petition filed by Gitlin to admit the Will to probate and record and grant him Letters Testamentary and of Trusteeship as co-Executor and co-Trustee of the Estate; and a third petition, joined in by both Cummings and Gitlin, to appoint a special administrator, pursuant to 15 V.I.C., Section 238, to protect the es-

tate from waste or loss, in case the appointment and qualification of the permanent fiduciaries is unduly delayed. For the reasons appearing below, that portion of the petition of Cummings praying the Court to replace Gitlin with Christensen is denied; in all other respects, the petition of Cummings is granted; the petition of Gitlin is granted in all respects; and the joint petition [sic] to appoint a special administrator is denied.

## I. FACTUAL BACKGROUND

Katharine Brace Cummings made her Last Will and Testament dated November 9, 1967. At that time both sides agree she was a well-to-do woman, cultured, educated, in good health. In making her Will, the deceased used the legal services of Gitlin, who by 1967 had been an old member of the law firm of Ernst, Cane, Berner & Gitlin, which represented Harcourt Brace Jovanovich, Inc. (hereafter HBJ), the main source and generator of the estate of the deceased, from 1951. While Gitlin was a member of this law firm, he was also legal adviser to the deceased.

Gitlin's qualifications are recited in his affidavit dated November 12, 1985, which stand before the Court uncontroverted. He graduated from Harvard Law School in 1938 and was admitted to the practice of law in New York State in December, 1938. He joined aforesaid law firm, which had been in existence since 1919, first as an employee in 1948, and became a member of the firm in 1951. Since 1954, he acted as literary counsel for the company. While the deceased died in 1985, he became a member of the Board of Directors of the HBJ as early as 1979. During the course of his directorship, he served on several committees of the company and is at present Chairman of the Audit Committee, but he is not a member of its Finance Committee as stated in Cummings' Memorandum of Law.

In his affidavit he also recites the apparent magnitude of the capital operation of HBJ (over half a billion dollars in assets), its growth in businesses acquired in 1985 alone in the amount of over $150,000,000.00, the large variety of businesses in which it is engaged in addition to its main functions of book, journal and magazine publishing, including Sea World Enterprises, Inc., two VHF television stations, companies which provide counselling services to corporate executives and staffs, an insurance underwriting company and several insurance agencies. He adds that a significant part of the growth of HBJ occurred while he was a member of its Board of Directors.

594

In addition to Gitlin's work with HBJ, he also states in his affidavit that he has represented individuals in all aspects of the publishing field: authors, agents, publishers, and magazines; that he is a literary agent and attorney for a number of distinguished writers, and has had many more valuable outstanding professional and business experiences and received many noteworthy honors and citations for achievements in his field; that he has served as a fiduciary of estates and trusts having aggregate assets in the millions of dollars; that he is currently administrator or attorney for many estates. He ends his affidavit, with respect to his qualifications with paragraphs 7 and 8 which read as follows:

> In the course of my representation of HBJ, my firm also became the attorneys for Katharine Brace Cummings, a daughter of Donald Brace, the co-founder of HBJ. I represented Mrs. Cummings from 1955 until the time of her death, and voted her proxy since 1962 at every shareholders' meeting except the one at which the company's name was changed. The Decedent, Katharine Brace Cummings, was always fully apprised of and fully aware of my professional career and activities described above, including my representation of HBJ and my position on its Board of Directors.
>
> In specific response to the statutory requirements of Section 233 of the V.I. Code, I am over the age of twenty-one, and have never been convicted of any felony or of any misdemeanor involving moral turpitude and am, therefore, eligible in all respects to receive Letters Testamentary herein.

Gitlin is the man whom the decedent named to serve as co-Executor and co-Trustee with her husband Cummings in the administration of her vast ($27,000,000.00) estate during and after probate administration, and it is he whom Cummings prays the Court not to certify but to issue Letters instead to a person who, despite the fact he had been her accountant for many years, was not her choice to act in either of the named capacities, either ab initio, or as successor, if a vacancy occurred.

## II. DISCUSSION

From the foregoing factual background it cannot be difficult to see why a person of the status of the deceased and her relationship to Gitlin chose him as a person amply suited to be entrusted with the administration of her estate both during and for many years after

the completion of the probate administration, even apart from his qualifications according to law, to which we shall come later.

Cummings urges the Court not to honor the clear intent of the deceased expressed in her Will in this respect, to decline to grant Letters of appointment to the nominee of the deceased and to grant them instead to Christensen. Cummings asked that this action be taken by the Court although he states in his brief that it is a fundamental hornbook principle that great weight must be given to the Testator's choice of fiduciaries to administer and dispose of her property (Page 5 of Petitioner's Brief dated October 11, 1985);[1] although he prays the Court to admit the Will to probate and record in his petition of October 7, 1985; and although the decedent named who the successor fiduciary should be in case of failure to qualify or incapacitation after qualifying of either of her first choices.

Cummings gives a number of reasons why Gitlin should be replaced by the Court. Although none of them are the law of the Virgin Islands, we shall deal briefly with them later.

■ But we come now to the applicable law of the Virgin Islands by which we are required to test and determine if Gitlin is unqualified for appointment and to be granted Letters Testamentary by the decedent. Preliminarily, we feel compelled to state that [i]n general, a court has no discretion respecting the issuance of Letters Testamentary [or of trusteeship] to persons nominated in the Will of the decedent, unless the nominees are expressly disqualified or discretion is created by statute. The person(s) appointed by the Will cannot be rejected by the Court unless the law expressly so provides. 31 Am. Jur. 2d 47. Also, Kidd v. Bates, 120 Ala. 79, 23 So. 735; Smith's Appeal, 61 Conn. 420, 24 A. 273; Clark v. Patterson, 214 Ill. 533, 73 N.E. 806; Nun v. Hamilton, 233 Ky. 663, 26 S.W.2d 526; Breen v. Kehoe, 142 Mich. 58, 105 N.W. 28; State ex rel. Abercrombie v. Holtcamp, 267 Mo. 412, 185 S.W. 201; Re Cardoner, 27 N.M. 337, 201 P. 1051, 18 A.L.R. 575; State ex rel. Lauridsen v. Superior Ct., 179 Wash. 198, 37 P.2d 209, 95 A.L.R. 819; Re Svacina's Estate, 239 Wis. 436, 1 N.W.2d 780.

■ Statutes that empower courts to appoint as executors persons named in Wills, if they are fit persons, and enumerate grounds of disability vest in the court a discretion to determine the existence of the particular causes of disability enumerated but do not vest the

---

[1] See 80 Am. Jur. 2d Section 1140, which states in an impressive variety of ways the effect and respect the law has for, and gives to, the clear intention of the testator.

court with discretion to determine generally what are causes of disability. 31 Am. Jur. 2d 46. See also Kidd v. Bates, 120 Ala. 79, 23 So. 735; McClellan v. State, 27 S.D. 109, 129 N.W. 1037. [Underscoring ours.]

The statutes of the Virgin Islands empowering courts to appoint as executors persons named in Wills are 15 V.I.C., Sections 233 and 235, as amended to March 10, 1965. Section 233 reads:

ISSUANCE OF LETTERS TESTAMENTARY.

When a Will is proven, letters testamentary shall be issued to the person or persons therein named as executor(s) or to such of them as give notice of their acceptance of the trust and are qualified. [Underscoring ours.]

Section 235(a) entitled "Qualifications of executors and administrators" reads in pertinent part:

The following persons are not qualified to act as executors or administrators: nonresidents of the Virgin Islands, minors, judicial officers of the district court [or now the Territorial Court], persons of unsound mind, or [persons] who have been convicted of any felony or of a misdemeanor involving moral turpitude.

Subsection (c) id., added on March 10, 1965, reads:

Notwithstanding the provisions of subsection (a) of this section [235], a nonresident of the Virgin Islands named in a Will as executor may be appointed to act as such executor provided: (1) he otherwise qualifies under said subsection (a); (2) he files such bond as may be required and approved by the Court; and (3) he appoints an agent or attorney resident in the Virgin Islands upon whom service of all papers may be made, such appointment to be in writing and filed with the clerk with other papers in such estate.

■ Applying the above principles to the case presented to us, unless it was established that Gitlin, a nonresident of the Virgin Islands, failed to qualify in one or more of the ways prescribed by the aforementioned statute law of this territory, we have no power to fail or refuse to issue Letters Testamentary to him in response to his application therefor. The only grounds of disqualification are those prescribed by local law. Applying the applicable legal test, we find he has met and fulfilled all the enabling qualifications prescribed by the Laws of the Virgin Islands to entitle him to be issued the Letters for which he has made application to the Court. It is also quite

manifest that these statutes clearly and without any ambiguity whatever enumerate the grounds of disability and vest in the Court no authority or discretion to determine generally or otherwise what are causes of disability. We find that nominee Gitlin suffers from none of the disabilities enumerated in these statutes, and is therefore entitled to be granted the Letters Testamentary applied for.

■ Cummings has cited the provision of Section 170 of the Restatements 2d of Trusts as the basis for his contention that Gitlin is so situated that the Court is duty-bound to dishonor the appointment by the deceased of her long, learned and trusted friend and adviser, Gitlin. We do not agree with his interpretation of this section. But even if we did, it must be borne in mind that the Restatements are the law of this territory only "in the absence of local laws to the contrary". 1 V.I.C., Section 4.[2] Therefore, we could not follow any such additional disqualifications, assuming they existed in the Restatements. Those listed in our statute or local law are exclusive on the subject and are therefore the only ones we can legally follow.

We come now to the reasons given by Cummings, in addition to his citations from the Restatements 2d on Trusts mentioned supra, all of which must be consigned to the same fate for the same reason.

Cummings contends that Gitlin gave bad advice to the deceased or failed to give her the correct advice at the time of her estate planning and the making of her Will, and as a direct result of this professional misconduct the estate will suffer the loss of millions of dollars in the payment of increased estate taxes.

But neither Section 233 nor Section 235 of Title 15 of the Code of Laws of the Virgin Islands by which we are governed in this situation prescribes any such disability. Section 233 requires us to grant Letters to the person or persons therein named as executor(s) or to such of them as give notice of their acceptance and are qualified. Pursuant to Rule 194, App. IV, 5 V.I.C., by sufficient affidavit of the attesting witnesses filed with the Court, and by application by appropriate petition pursuant to Rule 191 id., of both Cummings and Gitlin, the Will has been proved and will accordingly be admitted to probate and record.

Gitlin, an acknowledged nonresident of the Virgin Islands, has also complied with the requirements of 15 V.I.C., Section 235(c),

---

[2] The rules of the common law, as expressed in the restatements of the law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary. [Underscoring ours.]

enacted into law on March 10, 1965, by appointing Frederick G. Watts, Esquire, a permanent resident of St. Thomas, Virgin Islands [his] agent or attorney resident in the Virgin Islands upon whom service of all papers may be made,[3] and such appointment being a part of his Petition for Probate of the Will and granting him his fiduciary Letters is in writing and has been filed with the Clerk of the Court. No fiduciary bond is required as such is waived in the Will.[4] And we find Gitlin is otherwise qualified to be granted his Letters as he is not a minor, he is not a judicial officer of the District Court of the Virgin Islands or of any other Court for that matter, he is of sound mind, and he has never been convicted of any felony or of a misdemeanor involving moral turpitude, those being the only other disabilities or sufficient legal causes of disqualification enumerated in the statute. Section 235 id.

■ We must therefore conclude, and we hold, that whether Gitlin gave deceased costly bad professional advice, or failed to give her valuable legal advice to her detriment, is not a sufficient legal ground on which this Court can base a denial of his petition to grant him Letters Testamentary.

Cummings also contends in his brief that Gitlin should not be granted Letters Testamentary or of Trusteeship because such appointment would cast him in a very serious and hopeless conflict of interest situation, since he is also a member of the Board of Directors of HBJ and a member of HBJ's Finance Committee, and therefore that he could not possibly do justice to his fiduciary duties to both of these beneficiaries or to use the proverbial term, "he cannot serve two masters". We disagree. First, Gitlin is not a member of the Finance Committee of HBJ. Secondly, as Cummings states in his brief (page 8), "Testators frequently name as fiduciaries persons who have either a beneficial interest in the estate [which, incidentally, Cummings also has, both as fiduciary and as heir at law and testamentary heir] or who will have a conflicting position by virtue of serving other roles, such as officer of a family-held corporation whose stock is an estate asset, lawyer for such corporation, or fiduciary of another family trust or estate whose interests are not congruent". We quote from Gitlin's reply to this argument:

---

[3] See Appointment on Page 3 of Petition for Letters Testamentary, of Paul Gitlin, dated November 12, 1985.

[4] See Paragraph Twelfth of decedent's Last Will and Testament dated November 9, 1967.

Like Mr. Cummings, Mr. Gitlin brings special qualities to the administration of this estate. Petitioner's Memorandum of Law goes to great lengths to demonstrate that sophisticated choices will have to be made in connection with marketing the HBJ shares to raise estate taxes and possibly for the purpose of diversifying the assets of the estate. What better choice could Mrs. Cummings have made to assess the market and to plan and carry out a marketing strategy than Mr. Gitlin, who has the requisite knowledge of the Company and the industry as a whole as well as the respect of the financial community? Mrs. Cummings was well aware of Mr. Gitlin's qualifications when she named him as an executor to serve with her husband under her Will. In making her choice she valued Mr. Gitlin for his knowledge and for his judgment, and by her choice accepted and ratified any situation of conflict which might arise in the course of the administration of the estate as a result of Mr. Gitlin's connection with HBJ. Indeed, Article Tenth of her Will provides:

(c) I authorize and empower my Executors and Trustees to vote any stock or securities held by them in favor of themselves as Directors of any corporation, *and to act as Directors in such corporation*, hereby relieving them of any responsibility or liability for any error of ordinary business judgment or other action taken in good faith. (Emphasis supplied).

Whether or not Mr. Gitlin should ever find himself to be in an actual conflict of interest situation, he owes an absolute duty to this estate: to sell the HBJ shares which he and his co-executor determine to sell at the highest possible price which a prudent individual could obtain.

■ We agree, considering especially Gitlin's long association with decedent as her legal adviser (from 1955 until her death), the fact that she knew of the positions alleged to be the basis of the conflict, the fact that she gave him such broad powers in spite of this knowledge acquired over so many years, e.g., as provided in Article Tenth of her Will quoted supra, the fact that she was an educated, well-informed person with a rich educational, social and economic background and heritage, and the fact that in spite of all this she chose Gitlin. So to do was her legal right, not the Court's or anyone else's.

■ ■ Because of the foregoing reasons, and again because no such conflict appears as a statutory ground for denial to petitioner

600

of Letters Testamentary, we reject Cummings' petition to deny Gitlin's petition to be issued Letters Testamentary. We also find an insufficient legal basis to deny the petition of Gitlin to be accepted as co-Trustee of the estate of the decedent separate and apart from his duties as Executor of the estate. On the contrary, by his vast, impressive background, we find him amply qualified by education, experience, other special personal accomplishments and his long association with decedent to be invested with the trusteeship, to which he was appointed by the decedent.

Cummings also argues that if it can reasonably be anticipated that if two persons are named as co-fiduciaries, they will be hopelessly embroiled in negative, fruitless and destructive strife to the probable prejudice of the beneficiaries from the very beginning, the Court should act preventatively and not appoint one of them, in this case Gitlin, for this would amount to an exercise in futility with which an august and busy institution like the judiciary has no time and as to which it is too compassionate and wise to give its imprimatur. But what justification would a court have for making a finding that two men, or either of them, of the stature of these two nominees will be guilty of such unreasonable, irrational and senseless conduct, and at that even before it occurs? But in the remotest possibility that such an unlikely development does eventuate, why not remove Cummings instead of Gitlin, or both, so prejudged by the Court; for the Court deems both of them in a conflict of interest position, albeit we do not find it to rise to the level that they cannot work together effectively and honorably in the best interest of the heirs and beneficiaries. Besides, what does such a drastic step as removal do to the intention and expressed will of the decedent?

 Again, for the reasons stated heretofore, on this aspect of the case, particularly our mandate under the applicable local statute law, we decline to take this great leap also.

 Yet another point should be addressed before we conclude this Opinion. The decedent provided in her Will that if either Cummings or Gitlin failed to qualify or ever became unable for any reason to discharge their duties as fiduciaries according to her appointment, that the successor fiduciary to fill the vacancy then created shall be the Morgan Guaranty Trust Company of New York. In his petition to deny the granting of Letters to Gitlin, giving due recognition to his nomination by the decedent, Cummings completely disregards this nomination also. Even if there were sufficient merit to his petition to deny Gitlin his Letters, is he only by

601

implication also asking the Court to dishonor the appointment, and legal rights emanating therefrom, of the Morgan Guaranty Trust Company of New York? Surely, the Court cannot grant any such petition.

## ORDER

Based on the foregoing Opinion, and the Court being fully advised and satisfied in the premises, it is hereby

ORDERED, ADJUDGED AND DECREED:

1. That the Last Will and Testament of Katharine Brace Cummings, Deceased, dated November 9, 1967, be, and the same is, hereby admitted to probate and record.

2. That the petition of Robert S. Cummings and Donald Brace Cummings that Paul Gitlin be not granted Letters Testamentary and of Trusteeship to administer the estate of the deceased is denied.

3. That the co-Executors and co-Trustees named therein, namely, Robert S. Cummings, of St. Thomas, U.S. Virgin Islands, and Paul Gitlin, a resident of New York State (Frederick G. Watts, local resident attorney and agent), are hereby granted Letters Testamentary pursuant to 15 V.I.C., Sections 233 and 235, and Letters of Trusteeship pursuant to the terms of the Will of the decedent.

4. That aforementioned Robert S. Cummings and Paul Gitlin are accordingly empowered to serve in said fiduciary capacities without posting bond of any kind pursuant to Paragraph Twelfth of said Will.

5. That the provisional petition joined in by both Robert S. Cummings and Paul Gitlin for the appointment of a special administrator pursuant to 15 V.I.C., Section 238 is hereby denied.