In the MATTER OF the ESTATE OF Audrey R. SCHMITZ, Deceased:

Mary KLAUSER, Appellant,

v.

Robert SCHMITZ, John Schmitz, Paul Schmitz, Matthew Schmitz, Michael Schmitz, and Michelle Schmitz, Respondents.

Court of Appeals

*No. 02–3260. Submitted on briefs May 23, 2003.—Decided June 10, 2003.*

2003 WI App 157

(Also reported in 667 N.W.2d 862.)

On behalf of the appellant, the cause was submitted on the briefs of *Daniel W. Morse* of *Morse & Shiller, Ltd.*, of Mequon, WI.

On behalf of the respondents, the cause was submitted on the brief of *Vicki S. Schaut*, of Milwaukee, WI.

Before Wedemeyer, P.J., Fine and Schudson, JJ.

¶ 1. SCHUDSON, J. Mary Klauser appeals from the circuit court order granting the objection to her appointment as personal representative of the estate of her mother, Audrey R. Schmitz, and appointing Attor-

ney Brian F. McElligott in her place. Klauser argues that the court erred in concluding that, under WIS. STAT. § 856.23(1)(e) (2001–02)[1], she was "unsuitable" to act as personal representative due to her possible conflict of interest with the estate regarding assets she and her mother held jointly. Klauser is correct and, therefore, we reverse.

## I. BACKGROUND

¶ 2. For many years preceding her death, Audrey Schmitz lived next door to her daughter, Mary Klauser, ultimately relying on her for various services and aspects of daily care. A little more than one year before her death, Mrs. Schmitz placed a checking account and a savings account (both of which had previously been in her and her husband's names and, following his death, in her name alone) in her and Klauser's names, jointly. Mrs. Schmitz's will designated Klauser as personal representative of the estate.

¶ 3. Mrs. Schmitz's will was admitted to probate without objection. Following the filing of the application for approval of the personal representative, however, six of Mrs. Schmitz's beneficiaries—Robert, John, Paul, Matthew, Michael, and Michelle Schmitz—objected to Klauser's appointment, claiming that she was improperly excluding the joint accounts as well as other assets from the estate. As a result, the circuit court appointed Attorney Brian F. McElligott as special administrator for the purpose of determining which assets should be

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

subject to probate.[2] Attorney McElligott issued a report concluding that the checking account and savings account, jointly held in the names of Audrey Schmitz and Klauser, should be included in the estate. He reached his conclusion based on what he believed was Mrs. Schmitz's limited competency at the time Klauser's name was added to the accounts. His report also suggested that the circumstances surrounding the issuance of "several large checks . . . be further investigated."

¶ 4. When Klauser continued to seek approval of her appointment as personal representative, the circuit court held a hearing on the Schmitzs' objection. Klauser testified that despite Attorney McElligott's assessment of the bank accounts, she would exclude them from the estate. She explained, "[M]y mother had said she wanted me . . . to eventually get those." Due to Klauser's concession of her intention to exclude the accounts, the court found that her personal interests conflicted with her duties as personal representative. Therefore, the court disqualified Klauser as personal representative and appointed Attorney McElligott in her place.

## II. DISCUSSION

¶ 5. Klauser argues that the circuit court erred in disqualifying her as the personal representative of her mother's estate. She contends that her mother's wishes should be honored and that, under Wis. Stat. § 856.23(1)(e), her asserted stake in the two bank accounts did not render her "unsuitable" to serve as personal representative. We agree.

---

[2] The order appointing Attorney McElligott as special administrator was entered by Judge Elsa C. Lamelas. The order challenged on appeal was entered by Judge Kitty K. Brennan.

¶ 6. WISCONSIN STAT. § 856.23 sets forth the bases on which a person may be disqualified from serving as the personal representative of an estate.[3] The parties agree that the only basis relevant to this case is § 856.23(1)(e), which provides that the designated personal representative may be disqualified if he or she is: "A person whom the court considers unsuitable for good cause shown." Thus, in this case, the issue simply is whether the circuit court erred in concluding that Klauser was "unsuitable for good cause shown."[4]

---

[3] WISCONSIN STAT. § 856.23 provides:

**Persons who are disqualified. (1)** A person including the person named in the will to act as personal representative is not entitled to receive letters if the person is any of the following:

(a) Under 18 years of age.

(b) Of unsound mind.

(c) A corporation not authorized to act as a fiduciary in this state.

(d) A nonresident of this state who has not appointed a resident agent to accept service of process in all actions or proceedings with respect to the estate and filed the appointment with the court.

(e) A person whom the court considers unsuitable for good cause shown.

**(2)** Nonresidency may be a sufficient cause for nonappointment or removal of a person in the court's discretion.

[4] The parties offer some discussion comparing "disqualif[i-cation]" of a personal representative under WIS. STAT. § 856.23, to "remov[al]" of a personal representative under WIS. STAT. § 857.15. They agree, however, that the dispositive issue in this appeal is whether Klauser was "unsuitable for good cause shown," under § 856.23(1)(e), and they rely on case law involving each of the two statutes (or predecessor versions) and terms.

865

¶ 7. Although "[t]here must be a measure of discretion in determining whether the particular conflict of interest is serious enough to prevent appointment or compel removal" of a personal representative, *see Keske v. Marshall & Ilsley Bank*, 18 Wis. 2d 47, 55, 117 N.W.2d 575 (1962), a circuit court's discretion to disqualify a personal representative is limited. As the supreme court explained in 1942:

> "It may therefore be stated as a general rule that the person named as executor in a will is entitled to qualify, unless by reason of his mental condition or some legal disability he is prevented from acting as executor. The subject is now regulated by statute in most jurisdictions, which in some instances have modified this general rule. The principle still prevails that *no discretion is vested in courts with respect to refusing to grant letters testamentary to the persons nominated in a will, unless such persons are expressly disqualified, or unless such discretion is vested by law.* The statutes [throughout the United States] are, in the main, broadly inclusive as to the persons qualified to act as executors and have been liberally interpreted by the courts to carry out the expressed wishes of testators with regard to the persons who should administer their estates."

*Svacina v. East Wis. Tr. Co.*, 239 Wis. 436, 446, 1 N.W.2d 780 (1942) (emphasis added; quoted source omitted). Indeed, "a statute specifying the grounds of removal [of a personal representative] is usually held to preclude a removal upon grounds not specified." *Holzhauer v. Zartner*, 183 Wis. 506, 509, 198 N.W. 363 (1924). The

In this decision, therefore, we need not address any possible distinction between these statutory standards, and we also draw from the case law they cite.

866

interpretation and application of the statutory basis for disqualification of a personal representative as "unsuitable for good cause shown" present questions of law we review *de novo*. *See State ex rel. First Nat'l Bank & Trust Co. of Racine v. Skow*, 91 Wis. 2d 773, 777–79, 284 N.W.2d 74 (1979); *see also Svacina*, 239 Wis. at 446–47.

¶ 8. Since the enactment of the probate code in 1969, our courts have not considered whether a personal representative is "unsuitable for good cause shown" because of a possible conflict of interest with the estate regarding the ownership of certain assets. Approaching that issue, however, we begin by acknowledging our supreme court's declarations, offered repeatedly many years ago, of an unwavering principle: "It has ever been the policy of the law of [Wisconsin] that every citizen making a will has the right to select according to his own judgment the person or persons whom he would have execute it." *Svacina*, 239 Wis. at 442. Indeed, "[e]xcept for very cogent reasons the courts follow the maxim[,] 'Whom the testator will trust so will the law.' " *Holzhauer*, 183 Wis. at 512.

¶ 9. More recently, and most significantly for purposes of this appeal, the supreme court, interpreting "unsuitable for good cause shown," declared that "a nominee may not be disqualified from serving as personal representative except upon grounds which pertain to the nominee's capacity or competence to conduct the business of the estate." *Skow*, 91 Wis. 2d at 782. Further, the supreme court clarified that "unsuitable for good cause shown" is not a broad standard under which courts would "question the judgment of the testator and inquire into *the makeup of the estate,* the desires of the beneficiaries or heirs, comparative costs, the credentials of those desiring to be appointed per-

sonal representative, and the relative 'suitability' of those candidates seeking to be appointed personal representative." *Id.* at 781 (emphasis added).

¶ 10. Here, the circuit court found Klauser unsuitable to serve as personal representative not because of any failure of "capacity or competence to conduct the business of the estate," *see id.* at 782, but, rather, due to what the court viewed as the conflict between her interests and those of the estate. Thus, the court disqualified Klauser for what *Skow* specified as an inappropriate basis—a question about Klauser's judgment regarding "the makeup of the estate." *Id.* at 781. Such a question or potential conflict, however, may be as commonplace as the countless situations in which a deceased jointly-titled assets to the very person entrusted with responsibility under a will. Indeed, such "conflict[s] of interests in some cases may not be serious," and may not warrant disqualification, particularly where they "have been known to the testator at the time of the execution of the will and may not have been regarded by [the testator] as an obstacle to the choice made." *Holzhauer*, 183 Wis. at 511; *see also Svacina*, 239 Wis. at 445–46 (executrix should not have been disqualified based on her possible indebtedness to the estate, partly because the indebtedness "was known by the mother at the time she made her will"); *Oak Park Trust & Sav. Bank v. Tressing*, 86 Wis. 2d 502, 516, 273 N.W.2d 271 (1979) (widow's conflict of interest with estate did not preclude her designation as joint executor where "[n]othing in the record . . . establishe[d] that [she] would not administer the estate fairly").

¶ 11. Thus, not surprisingly, commentators, citing many decisions, including our supreme court's in *Svacina*, emphasize:

> It is well established as a general rule that the fact

> that a testamentary nominee as executor has a personal interest or standing which is adverse or antagonistic to that of the decedent's estate or the beneficiaries thereof is not to be deemed a disqualification for appointment as such, in the absence of a statute so providing or investing the court with discretion to refuse the appointment for such cause.

Annotation, *Adverse interest or position as disqualification for appointment as personal representative,* 18 A.L.R.2d 633, 634 (1951).

■

¶ 12. Nevertheless, the Schmitzs argue that "a finding of unsuitability is not limited solely to concerns of incapacity or incompetency." And they are correct. Given the myriad circumstances in which conflicts of interests may arise, we acknowledge, as the supreme court noted, that "[a] conflicting personal interest *preventing an executor or administrator from doing his duty* renders him unsuitable." *Keske*, 18 Wis. 2d at 52 (emphasis added). The supreme court explained:

> A serious conflict between one's personal interest and an important duty of a personal representative may render adequate performance of that duty impossible. The situation may be one which [sic] the testator could not have foreseen. The particular duty may require immediate performance. The difficulty with the traditional definition of "legally competent" is that it appears to exclude this type of situation as a proper basis for refusal to appoint. It leads to the absurdity that the court might be required to appoint an executor which [sic] it should immediately remove.

*Id.* at 55. Thus, the Schmitzs correctly contend that "[i]f a nominated personal representative has a personal interest which prevents her from performing a duty as executor, the court should refuse the appointment."

¶ 13. Here, however, the Schmitzs failed to establish that Klauser had such a "personal interest." They did not establish that her claimed right to the bank accounts prevented her from doing her duty as personal representative. The mere fact that she disagrees with them about whether certain assets, jointly held in her name, should be included in the estate does not establish her incapacity or incompetency.

¶ 14. Moreover, our statutes provide the framework for addressing such disagreements. Under WIS. STAT. § 858.09, a court, on its own motion or "at the request of any person interested in the estate . . . may examine the personal representative" to determine whether an asset should be included in or excluded from an estate.[5] *See also* WIS. STAT. § 862.13.[6] Thus, a court can address concerns related to possible conflicts of interests and, where appropriate, require that accounts, like those here, be included in an estate. Significantly, however, a court can do so without disturbing the decedent's designation of a personal representative.

---

[5] WISCONSIN STAT. § 858.09 states:

**Inventory, certification, examination in court.** The personal representative shall certify under oath that the inventory, to the best of the personal representative's knowledge, includes all property, encumbrances, liens or charges required to be shown therein. The court, at the request of any person interested in the estate or the property listed or on its own motion, may examine the personal representative on oath in relation thereto or in relation to any proposed addition thereto or deletion therefrom.

[6] WISCONSIN STAT. § 862.13 states: "**Objections to account.** At the hearing on an account of a personal representative or at any time prior thereto, any person interested may file objections to any item or omission in the account. All such objections shall be specific."

¶ 15. Thus, our statutes provide for the logical separation of two very distinct issues: whether the personal representative designated by the deceased should be disqualified; and whether certain property claimed by the personal representative should be included in the estate. Here, although the circuit court displayed commendable concern about Klauser's possible conflict of interest, it found her "unsuitable" for a reason beyond the reach of WIS. STAT. § 856.23(1)(e), as interpreted by *Skow*, and disqualified Klauser despite her lawful designation by her mother.

*By the Court.*—Order reversed.